UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 12-20322-CR-SEITZ
12-20400-CR-SEITZ
13-20455-CR-SEITZ

UNITED STATES OF AMERICA

vs.

RICARDO AMADOR BALLESTEROS GARCIA,
a/k/a "Ricardo Amador Ballesteros,"
a/k/a "Ricardo Amador Ballester,"
a/k/a "Alejandro Alvarez Abreu,"

   Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

THIS MATTER is before the Court on Defendant's Motion to Reverse Conviction and Grant an Order for Post-Trial Judgment of Acquittal [Case No. 12-20400, DE 152; Case No. 13-20455, DE 137] and the Government's Response [Case No. 12-20400, DE 157; Case No. 13-20455, DE 143]. For a second time, Defendant argues that his charges for bank fraud and making a false statement to a financial institution violate Double Jeopardy, this time alleging jury confusion and inconsistent verdicts.

Under Federal Rule of Criminal Procedure 29(c)(1), a motion for a judgment of acquittal must be filed within fourteen days of the verdict. Even assuming Defendant's motion were timely, which it is not, it is without merit. As the Court has previously explained in denying Defendant's motion to dismiss based on Double Jeopardy [Case No. 12-20400, DE 93; Case No. 13-20455, DE 79], the critical question is whether at least one element in each charged offense differs from the other. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). That the jury acquitted him of bank fraud illustrates their understanding that bank fraud and making false

statements were separate crimes with distinct elements.

Defendant's claim that the verdicts were inconsistent because the jury acquitted him of the "more serious" offense of bank fraud while convicting him on the charges of making false statements is also without merit. First, Defendant misunderstands the meaning of an acquittal: it is not an affirmative finding of innocence, only a determination that the Government failed to meet its heavy burden at trial. Second, as noted above, the crimes have different elements, so it is not inconsistent for the jury to find that the Government failed to prove the elements of bank fraud beyond a reasonable doubt but met its burden with respect to the counts for making false statements. Indeed, Defendant does not challenge the sufficiency of the evidence on these counts of conviction – he simply argues the jury was confused given the number of charges.

Finally, even if the jury verdicts were inconsistent, actual or apparent inconsistency alone is not a basis for acquittal where the evidence supports a finding of guilt. *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015). Here, there was sufficient evidence to support a conviction for making false statements to a financial institution. *See* Eleventh Circuit Pattern Jury Instruction O39 (2010). Defendant himself testified that he used a false identity he created in applying for the loans at issue and that he never gave the banks his true identity. As to his intent, Defendant testified that he used his alias simply because he was living in the United States under that identity as part of greater efforts to promote democracy in Cuba, but the Government presented evidence that Defendant had a Florida driver's license, later applied for permanent legal resident status under his true identity, and provided other false information, including overstating assets, on some of the loan applications. Moreover, the Government established that each of the banks from which Defendant obtained loans with his false identity was federally insured. Therefore it is

ORDERED THAT

(1) Defendant's Motion to Reverse Conviction and Grant an Order for Post-Trial Judgment of Acquittal [Case No. 12-20400, DE 152; Case No. 13-20455, DE 137] is **DENIED**.

(2) Defendant's request for an evidentiary hearing is also **DENIED**.

DONE AND ORDERED in Miami, Florida, this ___3rd___ day of February, 2016.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
*Pro se* Defendant